**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MAYOLO GONZALEZ-CARBALLO,

      Defendant-Appellant.

No. 07-2155
(D.C. No. CR 07-00489 MCA)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Mayolo Gonzalez-Carballo pled guilty to a one-count indictment charging him with illegal re-entry of a deported alien. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). The district court sentenced him to 24 months imprisonment, followed by two years of supervised release. On appeal, Mr. Gonzalez-Carballo's counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v.*

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*California*, 386 U.S. 738 (1967). We received no response from Mr. Gonzalez-Carballo, and the government also declined to file a response. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

* * *

In early January 2007, Mr. Gonzalez-Carballo was apprehended by a United States Border Patrol Agent in Sunland Park, New Mexico. Mr. Gonzalez-Carballo admitted to being a citizen of Mexico without proper immigration documents. Further investigation revealed that Mr. Gonzalez-Carballo had been deported from the United States only one month earlier, in December 2006, following a conviction for participation in a conspiracy to transport illegal aliens. According to Mr. Gonzalez-Carballo, he had pled guilty to the conspiracy charge only because the government offered to recommend "time served" as his sentence. He also explained that he felt he needed to return to work in the United States in order to provide financial assistance to his mother and his wife, both of whom suffer from significant health problems.

Mr. Gonzalez-Carballo was charged with one count of illegal re-entry following deportation, in violation of 8 U.S.C. § 1326(a)(1)-(2), (b)(2). Because his prior deportation followed a conviction for an aggravated felony, Mr. Gonzalez-Carballo faced a possible prison sentence of up to 20 years, pursuant to

8 U.S.C. § 1326(b)(2). *See* 8 U.S.C. § 1101(a)(43)(N) (defining alien smuggling as an aggravated felony). Mr. Gonzalez-Carballo entered a plea of guilty.

Pursuant to the advisory United States Sentencing Guidelines ("Guidelines"), Mr. Gonzalez-Carballo's conviction carried a base offense level of 8. *See* U.S.S.G. § 2L1.2(a). But because he had been deported following a felony conviction related to alien smuggling, the Guidelines recommended a 16-level enhancement. *See id.* § 2L1.2(b)(1)(A)(vii). Subtracting 3 levels for acceptance of responsibility, Mr. Gonzalez-Carballo's final suggested offense level was 21. Additionally, because of his prior felony conviction and because he was apprehended within two years of being released, Mr. Gonzalez-Carballo was classified at criminal history category level III. That offense level and criminal history category produced a proposed Guidelines-recommended sentencing range of 46-57 months imprisonment with 2-3 years of supervised release. In the Pre-Sentencing Report ("PSR"), the Probation Office asserted that, in this instance, the Guidelines likely overstated the seriousness of Mr. Gonzalez-Carballo's criminal history and that he might be more properly considered at criminal history category level II, which would produce a recommended prison term of 41-51 months.

Prior to sentencing, Mr. Gonzalez-Carballo's appointed counsel filed a memorandum asking for a downward variance to 6 months or time served. The memorandum argued that such a variance would be appropriate, pursuant to the

sentencing factors set out in 18 U.S.C. § 3553(a), because Mr. Gonzalez-Carballo re-entered the United States only with the intent to assist his mother and wife, and because he acted only as a minor participant in the alien smuggling conspiracy for which he was previously convicted.

At the sentencing hearing, Mr. Gonzalez-Carballo's counsel supplemented his filing by arguing that, in 2006, Mr. Gonzalez-Carballo was not actually directly involved in alien smuggling but instead was apprehended while trying to offer humanitarian assistance to aliens who had entered the United States, and that he only pled guilty in order to be released from custody sooner. Mr. Gonzalez-Carballo also spoke briefly on his own behalf. The government represented that it did not object to the PSR's suggestion that the level III criminal history category overstated the seriousness of Mr. Gonzalez-Carballo's crimes, but that it otherwise agreed with the Guidelines-recommended sentencing range.

At the conclusion of the hearing, the district court stated that it had "reviewed and considered the sentencing guidelines[,] noting the advisory nature of those guidelines, and . . . considered all the factors of 18 U.S.C. § 3553(a)." Sentencing Tr. at 11. The court then noted that Mr. Gonzalez-Carballo was young, that he had re-entered with the primary purpose of assisting his family, and that his wife and mother were experiencing significant health problems. *Id.* at 12-13. The court also stated that it agreed that the Guidelines-recommended

criminal history category "overrepresented" Mr. Gonzalez-Carballo's prior criminal conduct. *Id.* at 14. It further explained, however, that it could not impose a sentence of only six months in light of the need to promote respect for the law, deter future criminal conduct, and protect the public. *Id.* at 13. Accordingly, the court stated that it would impose a sentence "below the guideline range," and subsequently sentenced Mr. Gonzalez-Carballo to a term of 24 months imprisonment, which was 22 months less than the range calculated with a level III criminal history category and 17 months less than the range at a level II criminal history category.

\* \* \*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In his *Anders* brief, counsel noted that this appeal would conceivably be meritorious only if (1) the guilty plea were not voluntary, or (2) the sentence were unreasonable. After conducting a full examination of the record, we agree with counsel's conclusion that no basis in law or fact exists for either of these arguments.

A valid guilty plea must be knowingly, intelligently, and voluntarily made. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. The transcript of the plea hearing indicates that the district court fulfilled the requirements set out in Rule 11 and those announced in *Gigot* to ensure the validity of the plea. For example, the court verified that the plea was freely, voluntarily, and intelligently made, *see* Plea Hearing Tr. at 6-7; that there was a factual basis for the plea, *id.* at 8, 22-23; and that Mr. Gonzalez-Carballo fully understood the charge against him and the consequences of his plea, *id.* at 11-22. Mr. Gonzalez-Carballo has failed to put forward any evidence or arguments that would cast doubt on the plea's validity, and so any appeal on these grounds would be frivolous.

We also fail to see any non-frivolous grounds for appeal as to the reasonableness of the sentence. We review a district court's imposition of a below-Guidelines sentence for abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Smart*, No. 06-6120, slip op. at 11 (10th Cir. Mar. 4, 2008). In this case, the district court clearly understood and

acknowledged the non-mandatory nature of the Guidelines, weighed carefully the arguments presented by Mr. Gonzalez-Carballo, and also accepted the PSR suggestion that the Guidelines overstated the seriousness of Mr. Gonzalez-Carballo's criminal history. Indeed, the sentence the court imposed was even less than the PSR's recommended range employing a criminal history category level II. Though perhaps not the only sentence it could have reasonably chosen, on this record, we, like counsel, can discern no basis on which one might colorably conclude that the district court abused its considerable discretion by declining to render an even lesser sentence.

\*  \*  \*

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge